TOPITS ET AL., APPELLEES, *v.* LIQUOR CONTROL COMMISSION, APPELLANT.

(No. C-830348—Decided March 14, 1984.)

Mr. *Eugene C. Barstow,* for appellees.

Mr. *Anthony J. Celebrezze, Jr.,* attorney general, and Mr. *Nathan Gordon,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The Liquor Control Commission of Ohio ("commission") herein appeals from a decision of the Hamilton County Court of Common Pleas reversing the commission's fourteen-day suspension of John R. Topits' and C. Sue Schneider's liquor permit. Having found Topits and Schneider in violation of R.C. 4301.25(A),[1] the commission imposed the aforementioned suspension and seeks to have us reinstate it.

The events giving rise to the present case commenced on July 17, 1981, when an agent of the Ohio Department of Liquor Control ("department") issued a complaint against Schneider alone, charging her with a violation of R.C. 4301.67.[2] Specifically, the complaint states that Schneider unlawfully had in her possession spirituous liquor in excess of one quart, which was "not pur-chased at wholesale or retail from the Ohio Department of Liquor Control or otherwise lawfully acquired pursuant to Chapters 4301. and 4303. of the Ohio Revised Code." On July 29, 1981 Schneider pled no contest to the charge against her; the Hamilton County Municipal Court then entered judgment finding her guilty of violating R.C. 4301.67. Nowhere in the record before us are there any indications that Schneider's violation of R.C. 4301.67 oc-curred on the premises of the establish-ment for which she held a liquor permit.

The present case commenced on March 19, 1982 with the department's mailing a "Notice of Hearing" to Topits and Schneider. The hearing was to be held before the commission; its purpose was to determine whether Topits' and Schneider's liquor permit should be suspended or revoked. The particular allegation contained in the notice of hearing states:

"On July 29, 1981, you, C. Sue Schneider﹐ were convicted in the Hamilton County Municipal Court for violating *in and upon the permit premises* Section 4301.67 Revised Code, (illegal possession of intoxicating liquor) on July 17, 1981 — in violation of Sec-tion 4301.25(A) of the Ohio Revised Code." (Emphasis added.)

When the cause came on for hearing before the commission, the assistant at-torney general (appearing on behalf of the department) attempted to correct the error in the notice of hearing by

---

[1] R.C. 4301.25 stated in part:

"The board of liquor control may suspend or revoke any permit issued pursuant to Chapters 4301. and 4303. of the Revised Code for the violation of any of the applicable restrictions of such chapters or of any lawful rule or regulation of the board or other suffi-cient cause, and for the following causes:

"(A) For conviction of the holder or his agent or employee for violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony;"

[2] R.C. 4301.67 states:

"No person shall have in his possession any spirituous liquor, in excess of one quart, in one or more containers, which was not pur-chased at wholesale or retail from the depart-ment of liquor control or otherwise lawfully acquired pursuant to Chapters 4301. and 4303. of the Revised Code, or any other in-toxicating liquor or beer, in one or more con-tainers, which was not lawfully acquired pur-suant to Chapters 4301. and 4303. of the Revised Code."

stating that "the language of the statute reads, '* * * for violating in and upon the permit premises * * *.' [*Sic.*] This violation did not occur on the permit premises." The assistant attorney general correctly notes that Schneider's violation of R.C. 4301.67 did not occur on the premises for which the liquor permit was issued. However, he incorrectly states that "the statute" (presumably R.C. 4301.25[A]) specifically requires that the violation occur in and upon the permit premises. R.C. 4301.25(A) does not declare where the violations within its ambit must occur.

After receiving into evidence the Hamilton County Municipal Court's entry judging Schneider guilty of violating R.C. 4301.67, the commission found Topits and Schneider in violation of R.C. 4301.25(A) and ordered their liquor permit suspended for fourteen days, as referenced. Topits and Schneider appealed. Their grounds for attacking the commission's order were that it was "not supported by reliable, probative, and substantial evidence" and it was "not in accordance with law." The court of common pleas agreed with Topits' and Schneider's reasoning, and accordingly vacated the commission's order. In reversing the commission, the court of common pleas reasoned:

"In enacting Sec. 4301.25, R.C. did the legislature intend to impose absolute liability on the permit holder for a violation of Chapter 4301 of the Revised Code, whether or not that violation took place on or away from the permit premises?

"* * *

"Even though Sec. 4301.25(A), R.C. is silent as to any requirement that a conviction occur on the permit premises, a violation must bear some reasonable relation to activity that the legislature, in enacting the statute, intended to form the bases for a suspension or revocation.

"* * *

"* * * [The legislature in enacting R.C. 4301.25(A)] contemplated those violations of Chapter 4301 which occurred on the permit premises."

The commission's single assignment of error challenges the common pleas court's holding that since Schneider's conviction for violating R.C. 4301.67 did not occur on the permit premises, she and her co-permit holder could not be found in violation of R.C. 4301.25(A).

Before addressing the above issue, we initially must determine what the effect is of the incorrect language used in the Department of Liquor Control's notice of hearing. The notice alleges that the violation underlying Schneider's conviction for R.C. 4301.67 occurred "in and upon the permit premises" — an allegation which is not supported by any evidence. However, the charge in the notice is for violating R.C. 4301.25(A), which does not specifically state where the permit holder's violations of R.C. Chapters 4301 and 4303 must occur. We regard the extra language in the department's notice as mere surplusage. In order for Topits and Schneider to be convicted under R.C. 4301.25(A) they must have violated only the elements required for a violation of R.C. 4301.25(A). If R.C. 4301.25(A) does not require that the violations of R.C. Chapters 4301 and 4303 occur on the permit premises, then the inclusion of such language in the charge does not append an extra element which the department must prove.

Turning back to the main issue presented by the assignment of error, we determine that for a violation of R.C. 4301.25(A) to lie, it is not required that the underlying violations of R.C. Chapters 4301 and 4303 occur on the permit premises. R.C. 4301.25(A), by its language, does not limit its reach to only those violations of R.C. Chapters 4301 and 4303 which occur in specific places. The statute states that the liquor permit may be suspended "[f]or conviction of the holder or his agent or employee for

violating a section of Chapters 4301. and 4303. of the Revised Code or for a felony." Since no limitation is imposed by the language and since there is no expression of legislative intent to impose such a limitation, the clear intent of R.C. 4301.25(A) is to allow suspension of a liquor permit for conviction of any violation by the permit holder of R.C. Chapters 4301 and 4303, wherever it may occur.

The purpose behind R.C. 4301.25(A) — punishing liquor permit holders who themselves engage in, or employ those who engage in, either liquor-related or major crimes — is not served by limiting the situs of the underlying crime to the permit premises. Appellant Liquor Control Commission's assignment of error is accordingly well-taken. The judgment of the court of common pleas is reversed and this cause is remanded for implementation of the permit suspension.

*Judgment reversed.*

KEEFE, P.J., SHANNON and KLUSMEIER, JJ., concur.